## O. H. BAKKE v. BENEDIK MELBY.[1]

December 6, 1912.

Nos. 17,903—(73).

**Alteration of note — verdict sustained by evidence.**

In an action to recover upon a promissory note, the evidence is *held* to support the verdict upon the issue whether, subsequent to the delivery of the note, a material alteration thereof was made without the knowledge or consent of the maker.

**New trial — failure to swear a juror — evidence.**

To justify this court in reversing an order denying a new trial, and in ordering a new trial upon the ground that one of the jurors was not sworn as required by law, the fact that the juror was not sworn should affirmatively and clearly appear. Where, on the showing made, the question is left in doubt, the decision of the trial court will be treated as final.

**New trial — assignments of error.**

Numerous assignments of error considered and *held* not to present grounds for a new trial.

Two actions in the district court for Steele county, one to recover $217.55 and the other to recover $150, upon two promissory notes. The cases were tried together before Childress, J., and a jury which returned a general verdict in favor of plaintiff for $463.72, and to the special interrogatory whether the note of $350 was altered after defendant had delivered the note, answered no. From an order

---

[1] Reported in 138 N. W. 950.

Note.—The authorities on the question of alteration of date in a note are considered in a note in 32 L.R.A.(N.S.) 515.

denying defendant's motion for judgment notwithstanding the verdict or for a new trial, he appealed. Affirmed.

*Victor M. Petersen,* for appellant.

*Einar Hoidale* and *H. L. Hoidale,* for respondent.

BROWN, J.

Two separate actions were brought by plaintiff against defendant to recover upon two promissory notes. They were consolidated and tried together in the court below, resulting in a verdict for plaintiff. Defendant appealed from an order denying his alternative motion for judgment or a new trial.

The making and delivery of the notes, one for $350, and one for $150, was admitted in defendant's answer. He pleaded in defense that the note for $350 had since its delivery been altered and changed in a material respect, was therefore void, and he demanded a recovery against plaintiff, as a counterclaim, the aggregate amount of several payments made thereon prior to the commencement of the action. The pivotal issue on the trial below was whether the note had been changed subsequent to its delivery, without the knowledge or acquiescence of defendant. The jury found that no such change had been made.

The short facts are: The parties to the action were practicing physicians, plaintiff being located at the village of Blooming Prairie, defendant at the village of Hayfield, this state. Some time in January, 1905, defendant purchased plaintiff's practice at Blooming Prairie, together with certain personal property, giving to plaintiff in part payment of the purchase price the promissory notes here in suit. The transaction was completed on January 17, 1905. The note for $350 was made out on the sixteenth, and was signed by defendant as maker, and one Moore as surety. As so made and signed it bore the date January 16. It was delivered the following day to a bank at Blooming Prairie for plaintiff. The date of the note as originally written, was either before or after its delivery, changed from the sixteenth to the seventeenth; there is no controversy on this point. The change was made by writing the figure "7" over the figure "6."

The question submitted to the jury was whether this change and alteration was made before delivery of the note.

1. Our examination of the record leads to the conclusion that the evidence supports the verdict, to the effect that the alteration of the note was made with the knowledge of defendant, before the same was finally delivered in consummation or completion of the transaction. The record contains evidence tending to the opposite conclusion, but its force and effect were for the consideration of the jury and trial court. The strongest item of evidence tending to support defendant's contention is the condition of the collection register of the bank, where the note was entered as bearing the date January 16. This was not conclusive. The effect thereof was sufficiently overcome by the further evidence offered by plaintiff in the form of a special agreement made and entered into by the parties on the seventeenth, in the following language:

"Agency at Blooming Pra. Minn. 1/17/1905.

"It is hereby agreed that whereas I have made my promissory note of date Jan. 17—1905 for principal $350, due three years from date, also signed by E. E. Moore, said note is drawn up with 6% interest which is not the rate agreed to be paid, and I do hereby agree to pay interest upon said note at the rate of 8% from its date until fully paid.

"Benedik Melby."

There is no dispute about this special agreement, and defendant testified that it was read to him before he signed it, though he further testified that he did not notice that the writing described the note as bearing the date January 17. It was for the jury to say whether he in fact understood the contents of the writing. It was made and signed on the seventeenth at the time of and as the concluding part of the transaction. The date of the note must have been changed before the interest agreement was signed, for it expressly refers to the note as bearing date on January 17. This, in connection with the testimony of the cashier of the bank who had charge of the matter, is well nigh conclusive that defendant knew of the change in the note and consented to it. At any rate the question was one of fact.

2. This brings us to the question whether any errors were committed on the trial of a nature to justify or require a new trial. A large number of assignments challenge the correctness of various rulings upon the admission or exclusion of testimony, and portions of the instructions to the jury. We have examined all these alleged errors and find no sufficient reason for reversing the order appealed from. It may be conceded that some of the rulings of the court were erroneous, but they were in respect to collateral issues and unsubstantial matters, and in no proper sense prejudicial. It would serve no useful purpose separately to refer to these assignments. We have considered them all with the result stated.

3. One of the attorneys for plaintiff was called as a witness on the trial, and was permitted over defendant's objection to relate a conversation had with defendant's attorney in respect to the alleged alteration of the note. This conversation occurred some two years prior to the commencement of the action. The court in its instructions called attention to this evidence, saying that it was proper for consideration by the jury in so far as it might throw light upon the question whether defendant consented to a change in the date of the note, but not for the purpose of showing a subsequent ratification of the change. Defendant had testified that he knew nothing about the change in the date of the note until about the time the action was brought against him, which was early in August, 1910. In contradiction of this testimony, plaintiff offered the conversation with defendant's attorney, which occurred in 1908. From this, plaintiff claimed that since defendant's attorney knew of the change in 1908, defendant must have been mistaken when he said that he first knew of it in 1910. This was clearly a collateral matter. There was no issue of ratification or subsequent acquiescence in the case. The sole issue was whether the change was made before the note was finally delivered to the bank on January 17, 1905. The mere fact that defendant may or may not have discovered the change at some subsequent date would have no particular relevancy to the real issue. We think the admission of the conversation between the attorneys was error. But it was not a matter of substance, and would require a strain to say that it was prejudicial to the rights of defend-

ant. The court clearly directed the attention of the jury to the precise point in the case, namely, whether the date of the note was changed before delivery; saying, further, that a subsequent discovery and payments thereon with knowledge of the alteration would not amount to a ratification. It seems clear that the pointed instructions of the court removed any possible prejudice that might have resulted from the evidence referred to. That the jury was not misled is conclusively shown by the special verdict to the effect that the date of the note was changed before its delivery.

4. It is further claimed that one of the jurors impaneled to try the case was not sworn as required by law, or at all. The affidavits upon the subject leave the question whether the juror was sworn in some doubt. However, the matter was presented to the trial court, and its general order denying the motion for a new trial must be taken as a finding that the juror was sworn in proper manner; this precludes further inquiry by this court. To warrant this court in setting aside a verdict upon this ground, the failure to swear the juror should affirmatively appear, and be not left in doubt. Where, on the showing made, the question is left in doubt, the decision of the trial court will be treated as final.

This covers all that need be said. We discover no error of a nature to justify a new trial.

Order affirmed.